IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DINO JOSEPH FERRANTE,** : | |
| : | **Case No. 1:15-cv-0553** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **CAROLYN W. COLVIN,** : | **Judge Rambo** |
| **ACTING COMMISSIONER OF** : | |
| **SOCIAL SECURITY,** : | **Magistrate Judge Cohn** |
| : | |
| **Defendant** : | |

# **M E M O R A N D U M**

Before the court is a report and recommendation (Doc. 17) filed by the magistrate judge in which he recommends that Plaintiff Ferrante's appeal from the decision of the Administrative Law Judge ("ALJ") denying Ferrante's claim for social security disability insurance be denied. Ferrante has filed objections to the report and recommendation. The defendant has not responded to the objections.

**I.** **Factual Background**

This court will not repeat herein the procedural and medical background of this case as it is extensively recited in the report and recommendation. Factually, the ALJ concluded, in pertinent part, as follows:

> [T]he claimant is capable of performing his past relevant work. There are also significant jobs that exist in the economy that the claimant is capable of performing. For instance, even if the claimant had a residual functional capacity in the sedentary range, the Vocational Expert found jobs that the claimant would be able to perform with a sedentary exertional residual functional capacity which also provided transferable skills for the age of 50 years old. Thus, the claimant is not disabled.

(Doc. 10-2, p. 22 of 101.)

Ferrante objects to the report and recommendation on two grounds. First, he claims that the magistrate judge erred in finding that the ALJ's credibility analysis is reviewable and supported by substantial evidence. (Doc. 18, p. 3.) Specifically, Ferrante alleges that the ALJ based her credibility finding only on one basis, *i.e.*, "an x-ray of [Ferrante's] right knee on October 11, 2013 showed mild osteoarthritis involving the lateral joint compartment and small joint effusion." (*Id.* (citing Doc. 10-2, p. 18 of 101).)

Second, Ferrante claims that the magistrate judge erred in finding that the ALJ's rejection of Dr. Szollas' opinion is supported by substantial evidence. (*Id.* at p. 6.) In his objections, Ferrante states:

> The [report and recommendation] incorrectly interprets the ALJ's basis for rejecting Dr. Szolla[s'] opinion. The ALJ rejected Dr. Szolla[s'] opinion that Mr. Ferrante would be limited to sedentary work because it was inconsistent with the findings of "normal gait", "he was able to stand unassisted, rise from a seated position, and step up and down from the examination table without difficulty", and "he appeared comfortable in the seated and supine positions." (Tr. 20). That was the sole basis for the rejection of this opinion.
>
> Contrary to the findings of the [report and recommendation], the ALJ did not reject the opinion because it relied upon subjective reports.

(Doc. 18, pp. 6-7.)

## II.     Discussion

### A.     Credibility Findings

Ferrante alleges that he has experienced dizziness and forgetfulness and that he has pain in his ankles, knees, toes, left wrist, fingers, and neck. (Doc. 10-2, p. 16 of 101.) The ALJ found, however, that Ferrante's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (*Id.*)

Dr. Thomas McLaughlin reported that Ferrante had a good knowledge of recent and remote medical history," which "contradicts [his] testimony of difficulty with memory." (*Id.* at p. 19 of 101.) Dr. Szollas reported that Ferrante was oriented, answered questions appropriately and followed instructions. (*Id.*)

Dr. McLaughlin examined Ferrante on May 14, 2013. Ferrante appeared for the exam with a cane; he had a markedly antalgic gait; he could not lie down for the examination; he was unable to walk on his heels or toes nor heel-to-toe walk; and he could not squat. (*Id.* at p. 18 of 101.) However, on examination, Dr. McLaughlin found that Ferrante's "knees revealed no tenderness, redness, warmth, swelling, effusion, laxity, crepitus or clicks," and that there was no evidence of muscle weakness or atrophy in his extremities. (*Id.*)

On October 11, 2013, Ferrante appeared before Dr. Szollas. He appeared without a cane or other ambulatory aide;[1] had a normal gait; and could stand unassisted, rise from a seated position and step up and down from the examination table without difficulty. (*Id.* at p. 19 of 101.) Dr. Szollas reviewed an x-ray taken of Ferrante's knee that same day and determined that the x-ray revealed mild osteoarthritis and small joint effusion. (*Id.* at p. 18 of 101.) Contrary to Dr. McLaughlin's findings, Dr. Szolla found that Ferrante had a "mild degree of generalized swelling throughout the right knee," but agreed that there was "no effusion, no tenderness, no warmth, no laxity, no crepitus and no clicks." (*Id.* at p. 19 of 101.) Dr. Szolla observed that Ferrante was able to walk on his heels, toes, and heel-to-toe walk, and could squat without difficulty. (*Id.*) Dr. Szollas concluded that Ferrante is capable of light exertion with postural and environmental limitation. (*Id.*)

Other testimony reflecting on Ferrante's credibility includes the following: Ferrante had not refilled his medication for seven months; at the time of his hearing, he was not taking any medication; he made no attempt to see a specialist for his kidney disease; and he was not taking his blood pressure medication as instructed. (*Id.* at pp. 16, 18 of 101.)

---

[1] The ALJ notes that Ferrante showed up at his hearing without his cane. (Doc. 10-2, p. 18 of 101.)

The ALJ discussed Ferrante's non-health related issues such as the activities of his daily living, including that he lives on the third floor and walks up steps, irons, cleans, does his laundry, goes shopping, drives a car, and has custody of his thirteen-year-old son on weekends. The ALJ also discussed the circumstances of Ferrante losing his employment.

All of the above were factors considered by the ALJ in assessing Ferrante's credibility.

### B. Dr. Szollas' Opinions

The ALJ did not reject Dr. Szollas' opinions in their entirety.[2] Throughout her decision, the ALJ gave great reliance on Dr. Szollas' opinions, as reflected above and in the following excerpts:

> The undersigned gives great weight to Dr. Smith's opinion that the claimant is capable of light exertion with postural and environmental limitations since it is consistent with the objective findings of consultative examiner Dr. Szollas (Exhibit 12F). The primary care physician's findings were also consistent with a less than light exertion noting only [ ] some positive knee pain (Exhibits 6F, 10F, 14F). However, in giving the claimant the benefit of the doubt, the undersigned further finds that he is slightly more limited than Dr. Smith opined, limiting him to work at the light exertional level with additional non-exertional limitations concerning postural by limiting the claimant to no crawling and occasional pushing and pulling with the right lower extremity and environmental activities. This is also consistent with the diagnostic x-ray findings of the right knee (Exhibit 11F/5).

---

[2] An ALJ is entitled to generally credit part of an opinion without crediting the entire opinion. *See Thackara v. Colvin*, Civ. No. 1:14-cv-0158, 2015 WL 1295956 (M.D. Pa. Mar. 23, 2015).

> \* \* \*
> These opinions are inconsistent with Dr. Szollas['] findings upon physical examination of the claimant. For instance, Dr. Szollas reported that the claimant presented without ambulatory aids and ambulated into the examination room with a normal gait. He was able to stand unassisted, rise from a seated position, and step up and down from the examination table without difficulty. He appeared comfortable in the seated and supine positions (Exhibit 12F/7). The undersigned gives weight to Dr. Szollas['] opinion that the claimant can frequently use his hands for reaching, handling, fingering, pushing and pulling since this is consistent with the physical examination findings. *The Doctor's opinions that the claimant do occasional pushing and pulling with his feet, frequent to occasional postural activities are based on the claimant's subjective complaints of intermittent pain and swelling of his lower extremities and therefore limited weight is given to these opinions.*

(*Id.* at pp. 19-20, 21-22.)

The only portion of Dr. Szollas' opinion that was rejected is the italicized portion above, which the ALJ rejected because the findings were based only on Ferrante's subjective complaints. Thus, the magistrate judge's finding that the ALJ rejected part of Dr. Szollas' findings because they relied upon subjective complains is supported by the record.

In any event, the ALJ in her final assessment found that, even if Ferrante had a residual functional capacity in the sedentary range, there would be jobs he could perform. (Doc. 10-2, p. 22 of 101.)

## III. <u>Conclusion</u>

Based on the above, Ferrante's objections to the report and recommendation will be overruled and the report and recommendation will be adopted.

  s/Sylvia H. Rambo
   United States District Judge

Dated: April 14, 2016